CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/24/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
    DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
Charlottesville Division

CHRISTOPHER MORGAN

*Plaintiff*,

v.

AR RESOURCES, INC.

*Defendant*.

Case No.: 3:19-cv-00023-NKM

MEMORANDUM OPINION

Judge Norman K. Moon

This matter comes before the Court on Defendant AR Resources, Inc.'s Motion to Dismiss and Second Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 8, 21. For the following reasons, the Court will grant in part and deny in part the Motions to Dismiss.

Background

In March 2019, Plaintiff Christopher Morgan filed a Warrant in Debt[1] against Defendant AR Resources in the General District Court, Orange County, Virginia. Dkt. 1-2 at 2–3. Plaintiff claimed that AR Resources owed him $1,000.00, specifically suing under the Fair Debt Collection Practices Act ("FDCPA") "§ 808(1)," codified at 15 U.S.C. § 1692f(1), as well as the Fair Credit Reporting Act ("FCRA") "§ 623(a)(1)(A)," which is codified at 15 U.S.C. § 1681s-2(a)(1)(A).

---

[1] A Warrant in Debt is a common form used to start civil legal proceedings in the General District Courts of Virginia, which are "courts of limited jurisdiction, where the plaintiffs typically assert claims to relatively small sums, such as credit card debts." *Bohannon v. LVNV Funding, LLC*, No. 3:14-cv-354, 2015 WL 893362, at *1 n.1 (E.D. Va. Mar. 2, 2015).

1

Dkt. 1-2 at 3. AR Resources removed the case to this Court on the grounds that it presented a federal question. Dkt. 1 at 2.

On April 26, 2019, AR Resources filed a Motion for a More Definite Statement, pursuant to Fed. R. Civ. P. 12(e), acknowledging that Plaintiff previously had not been "required to include a definite statement of facts supporting his claim" in General District Court. Dkt. 4. On May 9, 2019, Plaintiff filed a statement explaining that his claims challenged AR Resources' reporting 17 separate account balance increases to Experian credit bureau. Dkt. 7.

On May 14, 2019, AR Resources filed its first Motion to Dismiss. Dkt. 8. AR Resources argued that Plaintiff failed to state a claim under the FDCPA because Plaintiff had not specifically alleged that AR Resources was a debt collector; and failed to state a claim under the FCRA because Plaintiff had not alleged AR Resources furnished inaccurate information to a credit reporting agency. Dkt. 9 at 3–4.

On May 20, 2019, Plaintiff filed another submission, a "Statement of Facts," in response to AR Resources' Motion to Dismiss. Dkt. 11. Therein, Plaintiff asserted that he was challenging AR Resources' reporting to Experian of 17 consecutive increases in the amount he allegedly owed. Dkt. 11-1 at 1. Plaintiff stated that the increases varied from as little as $2 to as much as $20 each month, supporting the inference that the errors were purposefully made. *Id.* Plaintiff alleged that the increases to the account were "an attempt to re-age the debt by falsifying the activity." *Id.*

In addition, Plaintiff attached an Experian report that he asserted "show[s] the violations." *Id*. The report provided the results of Plaintiff's dispute to Experian about the charges. The report indicated the original creditor was a medical provider and it also showed a "credit limit or original amount" of $420. *Id.* at 3. Elsewhere, the report stated that the "original amount of this account was $784." *Id.* It also reflected that Plaintiff had an account balance to AR Resources of $1,004 in

January 2017, which increased each month to $1,129 in October 2018. *Id.* Experian did not make any changes following the dispute, since "[t]he company that reported the information has certified to Experian that the information is accurate." *Id.* Plaintiff argued that AR Resources purposefully reported information to Experian with "actual knowledge of errors," in violation of "FCRA § 623(a)(1)(A)." *Id.* at 1. Plaintiff further argued that AR Resources had violated "FDCPA § 808(1)." *Id.*

In May 2019, the Court granted the Motion for a More Definite Statement, Dkt. 14, and, within the time period allowed by the Court to provide more details of his claim, Plaintiff filed a Response to the Motion to Dismiss, Dkt. 15. In this response, Plaintiff again asserted that he sought $1,000 in damages; that he alleged that AR Resources had violated FDCPA § 808(1) and FCRA § 623(a)(1)(A); and he contended that under Fed. R. Civ. P. 8(a) his prior responses constituted a "short and plain statement" of his claim. Dkt. 15. Accordingly, he asked that his complaint not be dismissed. *Id.*

In June 2019, the Court held a hearing on AR Resources' first Motion to Dismiss. Dkt. 16. At oral argument, AR Resources principally contended that Plaintiff had not stated an FDCPA claim on the basis that Plaintiff did not allege either that AR Resources was a debt collector, or that it had attempted to collect a debt. In response to the Court's specific inquiry, however, counsel for AR Resources acknowledged that it is a debt collector. The Court provided Plaintiff another thirty days to file all information he had upon which he had based his claim. Plaintiff filed a response again alleging AR Resources "reported to Experian credit bureau 17 times false amounts to the account under [his] name," Dkt. 20. Plaintiff argued that AR Resources violated FDCPA § 808's prohibition on collecting any amount, interest, or fees, unless otherwise authorized by agreement. *Id.* Plaintiff also argued that AR Resources violated FCRA § 623(a)(1)(A) by reporting

3

to Experian false amounts owed on 17 different occasions, with actual knowledge of their falsity. *Id.* at 2. Plaintiff provided the Experian report and identified 17 consecutive monthly increasing account balance figures reported as being owed to AR Resources. *Id.* at 3.

In July 2019, AR Resources filed a Second Motion to Dismiss. Dkt. 21. As for the FDCPA claim, AR Resources continued to argue that the claim must be dismissed because Plaintiff failed to allege AR Resources is a debt collector. Dkt. 22 at 4. And as for the FCRA claim, AR Resources argued that the specific provision of the FCRA upon which Plaintiff relied did not provide a private cause of action. *Id.* AR Resources also contended that the FCRA claim failed because Plaintiff had not alleged any non-conclusory allegations that AR Resources furnished information to Experian knowing or having cause to believe such information was false. *Id.* at 4–5.

In August 2019, Plaintiff responded, arguing that his submissions satisfied Rules 8 and 12 of the Federal Rules of Civil Procedure. Dkt. 24. Plaintiff further asserted it was "obvious" that AR Resources was a debt collector attempting to collect a debt from Plaintiff, and that the Experian report supported that fact. *Id.* at 3. Plaintiff also argued he had a right to sue under that provision of the FCRA, and that he had alleged that AR Resources reported amounts with "actual knowledge or cause to believe" they were false. *Id.* at 4. In its reply, AR Resources argued that Plaintiff had insufficiently alleged it was a debt collector as needed to state an FDCPA claim; and that Plaintiff had no private right of action under the particular provision of the FCRA. Dkt. 25.

The Court held oral argument on AR Resources' Second Motion to Dismiss in November 2019. Dkt. 27. The Motions to Dismiss are fully briefed and ripe for disposition.

<u>Standard of Review</u>

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does not resolve contests surrounding the

4

facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "In ruling on a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007).

## Analysis

1. *Fair Debt Collection Practices Act Claim*

Plaintiff first claims that AR Resources engaged in unfair collection practices, in violation of Section 808(1) of the FDCPA, 15 U.S.C. 1692f(1). *See, e.g.*, Dkt. 1-2 at 3; Dkt. 15 at 1; Dkt. 20 at 1; Dkt. 24 at 3. This statute provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Specifically, Plaintiff invoked the FDCPA's prohibition against collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(f)(1). Although Plaintiff's claims are not a model of clarity, he does allege that AR Resources violated this provision by, on

5

17 separate occasions, falsely increasing the amount he owed when such increases were authorized neither by agreement or law. *See, e.g.*, Dkt. 11-1 at 1; Dkt. 20 at 1. Plaintiff claimed AR Resources falsely increased the amount owed in an attempt to "re-age the debt," Dkt. 11-1 at 1, and that this has, among other things, damaged his credit, Dkt. 20 at 1.

AR Resources argues that Plaintiff's FDCPA claim should be dismissed for two reasons. First, AR Resources argues that Plaintiff failed to allege that AR Resources is a "debt collector"— a defect fatal to his FDCPA claim since the prohibition applies to debt collectors. *See* Dkt. 9 at 3; Dkt. 22 at 3–4. Many cases brought under the FDCPA turn on the question whether a defendant is a debt collector. This is not such a case. There is no dispute that AR Resources is a debt collector. Indeed, at the June 19, 2019 hearing on the first motion to dismiss, defense counsel forthrightly confirmed that fact in response to the Court's specific inquiry. Dkt. 16. In any event, the Court concludes that the complaint and supporting filings,[2] liberally construed, allege that AR Resources was a debt collector. *E.g.*, Dkt. 20 at 1–3; Dkt. 24 at 3; *see also* Dkt. 11-1 at 3(showing in Experian report an account balance in collection to AR Resources).[3] Second, AR Resources contends that Plaintiff's FDCPA claim fails because he has not alleged AR Resources was attempting to collect a debt. Dkt. 9 at 3; Dkt. 22 at 3–4. Again, not so. Plaintiff has sufficiently alleged AR Resources—

---

[2] Given Plaintiff's *pro se* status and the posture of this case removed from Virginia General District Court, the Court finds it appropriate to consider Plaintiff's complaint, responses to this Court's orders allowing him to restate his claims and briefs in response to AR Resources' motions to dismiss in resolving the motions. *See, e.g.*, *Christmas v. Arc of the Piedmont, Inc.*, No. 3:12-cv-8, 2012 WL 2905584, at *1 (W.D. Va. July 16, 2012) (accepting as true facts from a *pro se* plaintiff's complaint and brief in opposition to decide a motion to dismiss).

[3] *See, e.g.*, *Morello v. AR Resources, Inc.*, No. 17-cv-13706, 2018 WL 33928806, at *1 (D.N.J. Aug. 16, 2018) (holding, in "putative class action against Defendant AR Resources, Inc. … a debt collection agency," that plaintiff had stated a plausible claim under the FDCPA); *Anela v. AR Resources, Inc.*, No. 17-cv-5624, 2018 WL 2961813, at *1 (E.D. Pa. June 12, 2018) (writing that "[d]efendant AR Resources, Inc. … is a Pennsylvania collection agency that collects consumer debts"); *Ridgeway v. AR Resources, Inc.*, No. 16-cv-1188, 2017 WL 3736650, at * 1 (D.N.J. Aug. 30, 2017) (writing that AR Resources is "a debt collector").

a debt collector—was attempting to collect a debt from him. *See, e.g.*, Dkt. 20 at 1–3; Dkt. 22 at 3. And, although evidence is not required on a motion to dismiss, the Experian report submitted shows that Plaintiff has an account balance owed to AR Resources that is in "collection" status, increasing monthly. Dkt. 20 at 3.

    2. *Fair Credit Reporting Act Claim*

Plaintiff's second claim against AR Resources is for violation of "FCRA § 623(a)(1)(A)" specifically, and its prohibition against "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A); Dkt. 9-1 at 4 (Warrant in Debt); Dkt. 15 at 1; Dkt. 20 at 2; Dkt. 24 at 4.

While AR Resources "had a general duty" under 15 U.S.C. § 1681s-2(a) "to report accurate information," other provisions of the FCRA, namely § 1681s-2(c) and (d), "limit enforcement of subsection (a) to "Federal agencies and officials and … State officials." *Beattie v. Nations Credit Fin. Servs. Corp.*, 69 F. App'x 585, 591 (4th Cir. 2003). Because "there is no private right of action for violations of § 1681s-2(a)," the Court will dismiss Plaintiff's FCRA claim. *Willard v. Kunda*, No. 10-cv-326, 2010 WL 4365569, at *1 n.1 (D. Md. Nov. 3, 2010); *Erman v. Wells Fargo Bank, N.A.*, No. 3:13-cv-373, 2014 WL 4384022, at *2 (W.D.N.C. Sept. 3, 2014) ("no private right of action arises under the duties imposed by § 1681s-2(a)").

<u>Conclusion</u>

For the foregoing reasons, the Court will grant in part and deny in part AR Resources' Motions to Dismiss. Plaintiff's FCRA claim will be dismissed; Plaintiff's FDCPA claim will proceed.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion to the parties.

ENTERED this  24th  day of March, 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE