# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER MORGAN, *Plaintiff,* v. AR RESOURCES, INC., *Defendant.* | CASE NO. 3:19-cv-00023 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

The plaintiff, proceeding pro se, has sued a debt collector claiming that it employed unfair or unconscionable means to collect a debt and thereby violated the Fair Debt Collection Practices Act. The plaintiff asserts that the defendant used "unfair and unconscionable" means when it reported to a credit reporting agency false amounts that he owed. The parties have filed cross motions for summary judgment. Because the record discloses no genuine of material fact and establishes that the defendant is entitled to judgment as a matter of law, the Court will award summary judgment to the defendant.

**Procedural Background**

In March 2019, Plaintiff Christopher Morgan filed a Warrant in Debt[1] against Defendant AR Resources in the General District Court, Orange County, Virginia. Dkt. 1-2 at 2–3. Plaintiff claimed that AR Resources owed him $1,000.00, suing under the Fair Debt Collection Practices Act ("FDCPA") "§ 808(1)," codified at 15 U.S.C. § 1692f(1), and the Fair Credit Reporting Act

---

[1] A Warrant in Debt is a common form used to start civil legal proceedings in the General District Courts of Virginia, which are "courts of limited jurisdiction, where the plaintiffs typically assert claims to relatively small sums, such as credit card debts." *Bohannon v. LVNV Funding, LLC*, No. 3:14-cv-354, 2015 WL 893362, at *1 n.1 (E.D. Va. Mar. 2, 2015).

("FCRA") "§ 623(a)(1)(A)," which is codified at 15 U.S.C. § 1681s-2(a)(1)(A). Dkt. 1-2 at 3. AR Resources removed the case to this Court on the grounds that it presented a federal question. Dkt. 1 at 2.

The procedural history of this case is set forth more fully in this Court's Memorandum Opinion, in which the Court granted in part and denied in part AR Resources' motion to dismiss. Dkt. 34. Therein, the Court dismissed Plaintiff's claim under the FCRA, holding that there is no private right of action for violations of 15 U.S.C. § 1681s-2(a), as asserted. *Id.* at 7. However, the Court allowed Plaintiff's claim under the FDCPA to proceed, stating, among other things, that Plaintiff plausibly alleged in the complaint that AR Resources was a debt collector attempting to collect a debt, notwithstanding AR Resources' arguments to the contrary. *Id.* at 6–7. The parties subsequently filed cross motions for summary judgment, which have been fully briefed. *See* Dkts. 54, 55, 56, 57, 67, 68. The Court cancelled the scheduled jury trial pending resolution of the parties' motions for summary judgment.

## Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of some alleged factual dispute between the parties, however, will not defeat an otherwise properly supported motion for summary judgment"—only the existence of a "genuine issue of material fact" will preclude summary judgment, meaning that it "might affect the outcome of the suit under the governing law …." *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001) (emphasis omitted).

"When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil

Procedure." *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 354 (4th Cir. 2011). Thus, "[w]ith respect to each side's motion," the Court must "view the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." *Kolbe v. Hogan*, 849 F.3d 114, 130 (4th Cir. 2017) (internal quotation marks and citations omitted). A pro se litigant's filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But where no genuine issue of material fact exists, the trial judge has an "affirmative obligation … to prevent factually unsupported claims and defense from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation omitted).

### Reasoning

The Court first addresses AR Resources' motion for summary judgment, reciting the facts in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor. The only remaining claim is whether AR Resources violated 15 U.S.C. § 1692f(1). Dkt. 11-1 at 1; Dkt. 56 at 1–2; Dkt. 67 at 1. The Court concludes that AR Resources is entitled to summary judgment for several, independent reasons.

Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. It then provides a non-exhaustive list of certain types of conduct that violate the statute, including "[t]he *collection of any amount* (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f(1) (emphasis added).

Viewing the evidence in the light most favorable to Plaintiff, the summary judgment record does not disclose any genuine issue of material fact on the issue whether AR Resources either collected or attempted to collect *unauthorized* amounts from Plaintiff. Indeed, the only

evidence in the record that AR Resources attempted to collect any debt at all from Plaintiff are two letters in which AR Resources sought to collect uncontested amounts of $420 and a later charge of $42. Dkts. 55-2, 55-4, 55-5. But Plaintiff admits that he owed $420 for medical services received at Martha Jefferson Hospital. Dkt. 55-1; Dkt. 56 at 2 ("the correct original amount owed is $420").[2]

To be sure, there is one page of the January 2019 Experian report that, as this Court noted in its opinion on AR Resources' motion to dismiss, *see* Dkt. 34 at 6–7, references incorrect amounts Plaintiff owed. While the Court determined on the motion to dismiss that Plaintiff's allegations on this issue were sufficient to state a plausible claim to relief, the summary judgment record as set forth more fully below demonstrates that there is no genuine issue of material fact that AR Resources did not collect or attempt to collect unauthorized amounts from Plaintiff— notwithstanding this stray remark in one credit report (that was subsequently corrected the following month). *See infra*. Thus, while Plaintiff disputes that he owed between $1004 and $1129 to AR Resources at any time, Dkt. 56 at 1, taking the evidence in the light most favorable to Plaintiff, still the Court concludes that no reasonable jury could find that AR Resources ever *actually collected or attempted to collect* any such sum from him. Having failed to establish any genuine issue of material fact on this element of Plaintiff's FDCPA claim, the Court concludes that AR Resources is entitled to summary judgment on the issue.

Separately, Plaintiff argues that AR Resources violated § 1692f(1) by "reporting false amounts to the principal obligation 17 times" to Experian, which amounts were not authorized by the agreement creating the debt or permitted by law. Dkt. 67 at 1–2; *see also* Dkt. 56 at 1–2

---

[2] It is immaterial that Plaintiff disputes that he received either letter from AR Resources, Dkt. 55-1, as he has not asserted that in either letter, AR Resources attempted to collect from him in an amount beyond that which they were rightfully owed.

(challenging "false 17 reported amounts to Experian" by AR Resources as violating § 1692f(1)). However, even if reporting a debt to a credit reporting agency constituted collection activity, Plaintiff still has not shown the existence of a genuine issue of material fact that would preclude summary judgment on his claim. Courts have "limited § 1692f's prohibitive reach to conduct that is separate and distinct from other FDCPA violations and thus dismiss § 1962f claims where a plaintiff fails to allege any misconduct beyond that which violates the other provisions of the FDCPA asserted in the complaint." *Jennings v. Dynamic Recovery Solutions, LLC*, 441 F. Supp. 3d 106, 116 (D. Md. 2020) (citation omitted); *see also Archie v. Nagle & Zaller, P.C.*, 790 F. App'x 502, 503 n.1 (4th Cir. 2019). Significantly, another provision of the FDCPA specifically prohibits "[c]ommunicating or threatening to communicate to any person credit information *which is known or which should be known to be false*, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8) (emphasis added). Since § 1962e(8) specifically details prohibition of the type of conduct Plaintiff alleges, the Court concludes that Plaintiff must establish the elements of a claim under that provision rather than a more general § 1692f.

      Plaintiff has not demonstrated the existence of a genuine dispute of material fact whether AR Resources *knew* the information reported to Experian was false or *should have known* it to be false. Indeed, Plaintiff has failed to provide any factual or evidentiary basis for that assertion. He argues that that AR Resources reported 17 false amounts Experian, and that "an inconsistent amount" was added each month, which, he contended, does not show any "logically consistent error … and could only be inten[tionally] created." Dkt. 56 at 1–2; *see also* Dkt. 56-1 at 2. The Court will assume that some inference may be drawn in Plaintiff's favor, that varying amounts reported to Experian tended to support an inference of some intentional or deliberate act on the part of AR Resources. Nevertheless, without more, that evidence and inference would fall far

short of constituting such evidence as would create a genuine dispute of material fact on the issue whether AR Resources knew or should have known that the information reported was false. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (holding that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position" will not preclude summary judgment).

Indeed, with the benefit of additional evidence following discovery, Plaintiff's assertions that AR Resources knowingly misreported incorrect information to Experian have become only less persuasive. Initially, Plaintiff had identified a single page of his January 2019 Experian credit report information for an AR Resources account, which showed certain amounts Plaintiff owed, beginning in January 2017 ($1,004) and ending on October 2018 ($1,129). *See, e.g.*, Dkt. 11-1 at 3. And that account purported to show an original amount owed of $784. *Id.* All agree that these amounts are incorrect. Dkt. 55 at 5–6; Dkt. 56 at 1. However, on the more developed summary judgment record, the significance of that single page is greatly reduced and explained by surrounding pages of the report and other reports—undermining any contention that AR Resources communicated information it knew or should have known to be false.

For instance, earlier Experian credit reports show that this same AR Resources account had (correctly) reflected that Plaintiff owed an "original amount" of $420, which account history began in February 2018. *See* Dkt. 68-2 at 24 (Plaintiff's Experian credit report, of March 2018).

The full January 2019 Experian credit report contains the page Plaintiff had originally identified, which incorrectly shows amounts owed on this account from January 2017 to October 2018. *See* Dkt. 56-1 at 2. To be sure, that same page of the report noted that Experian had "completed the processing of your dispute(s)," and with respect to this account, "[t]he company that reported the information has certified to Experian that the information is accurate. This item

was not changed as a result of our processing of your dispute." *Id.* However, critically, all of this information was listed under a header "*Before dispute*." *Id.* (emphasis added). While there was no similar "After dispute" heading after that account information, on the very next page of that January 2019 report, the account associated with AR Resources *correctly* reflects the original amount of $420. *Id.* at 2–3. Moreover, it further correctly reflects that that sum remained unchanged in the "account history" portion of the report, between February and December 2018. *Id.* at 3.

Again, with the benefit of a more developed record, the Court now also has in the record still further evidence on this issue. Significantly, in Plaintiff's Experian credit report the following month (February 2019), Experian stated, regarding his dispute concerning the AR Resources account: "*Outcome – Updated*." Dkt. 68-2 at 3 (emphasis added). It continued: "The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details." *Id.* At this point, the report shows under the "Before dispute" header, the AR Resources account information correctly showed an original amount owed of $420, which amount remained unchanged monthly. *Id.* Then, after that information, there is an "*After dispute*" header. And again, the same, correct information is there, showing an original amount owed of $420, and an "account history" with that sum unchanged. *Id.* at 4. In addition, the record now also contains an Experian credit report from March 2019 for Plaintiff—which was issued to Plaintiff before he filed his lawsuit. And that too, contains correct information as to the AR Resources account: an original amount owed of $420, which amount stayed constant monthly in the account history. Dkt. 68-2 at 14.

The Court concludes—upon consideration of the evidence before the Court on this summary judgment record and viewing the evidence in the light most favorable to Plaintiff and

drawing all reasonable inferences in his favor—that the evidence is such that no reasonable jury could find for Plaintiff that AR Resources communicated account information to Experian that it knew or should have known was false, as required to support his FDCPA claim. The evidence is uncontradicted that both before and after January 2019, the AR Resources account information in Plaintiff's Experian credit reports was accurate, showing an original amount owed of $420 and an unchanging monthly balance of $420. While Plaintiff's January 2019 Experian report showed incorrect information on one page for the AR Resources account, notably, this information was listed under a "Before dispute" heading, and the correct information on this very same account was found on the following page of the report. In addition, the February 2019 Experian report from the following month stated that Plaintiff's dispute regarding the AR Resources account had an "*Outcome: updated*," which then reflected *correct* information ($420 owed) in both the "Before dispute" and "After dispute" sections of the report. This February 2019 Report was issued before Plaintiff filed suit in this case, correcting Plaintiff's asserted error in his credit file for the AR Resources account. Placing that one page in the full context of the January 2019 Experian report, as well as in the context of earlier and subsequent reports and the rest of the record evidence, the Court concludes that Plaintiff has not demonstrated the existence of a genuine dispute of material fact that AR Resources communicated account information to Experian that it knew or should have known was false. *See, e.g.*, *Alston v. United Coll. Bureau, Inc.*, No. 13-cv-913, 2014 WL 859013, at *1, 4 (D. Md. Mar. 4, 2014) (holding that, "[e]ven if reporting a debt to credit reporting agencies constitutes collection activity," the plaintiff failed to state a claim under § 1692e(8), as "Plaintiff's allegation fails to demonstrate that at the time UCB reported the account to Equifax, Experian, and TransUnion, it knew or should have known that the information was false").

For these reasons, the Court concludes that AR Resources is entitled to summary judgment on Plaintiff's sole remaining claim. The Court will grant AR Resources' motion for summary judgment and deny Plaintiff's motion for summary judgment. An accompanying Order will issue.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to the parties.

Entered this __29th__ day of September, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE